IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) A TO Z MACHINING SERVICE, LLC; and (2) FLATSAFE SHELTERS, LLC; | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case Number CIV-10-422-C |
| (1) NATIONAL STORM SHELTER, LLC; formerly doing business as (2) TURNER MACHINE CO., INC.; and (3) JEFFREY D. TURNER, an individual; | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs are Oklahoma corporations that manufacture and sell patented storm shelters. Defendants, two corporations and one individual, are all Tennessee residents who are in the business of manufacturing and selling storm shelters. Plaintiffs allege that Defendants visited Plaintiffs' website and copied the design of Plaintiffs' storm shelters. Plaintiffs also contend that Defendants copied a number of copyrighted documents found on Plaintiffs' website. As a result, Plaintiffs filed a Complaint asserting claims of patent infringement in violation of 35 U.S.C. § 271; misappropriation and unfair competition in violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51, et seq.; and copyright infringement in violation of 17 U.S.C. § 501. Defendants subsequently filed the present Motion to Dismiss for Lack of Personal Jurisdiction.

Whether the Court has jurisdiction over Defendants, nonresident corporations and a nonresident individual, depends upon whether Oklahoma's long-arm statute authorizes such

an exercise of jurisdiction[*] and whether doing so in this case comports with the requirements of due process. Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op, 17 F.3d 1302, 1304-05 (10th Cir. 1994). Because Oklahoma's long-arm statute permits courts to exercise jurisdiction on any basis consistent with the Oklahoma and United States Constitutions, the jurisdictional inquiry becomes simply a question of due process. 12 Okla. Stat. § 2004(F); Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988). Consistent with due process, courts "'may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum state.'" OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1090 (10th Cir. 1998) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1979)).

> The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert *specific* jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent

---

[*]In federal question cases, where the federal statute giving rise to the cause of action does not authorize national service of process, courts must apply the law of the forum state in which the federal court sits. Fed. R. Civ. P. 4(k)(1)(A); Dudnikov v. Chalk & Vermillion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008). Because nationwide service of process is not authorized in actions for copyright or patent infringement, the Court must look to Oklahoma's long-arm statute and the Fourteenth Amendment Due Process clause to determine whether exercising personal jurisdiction is appropriate in this case. Janmark, Inc. v. Reidy, 132 F.3d 1200, 1201 (7th Cir. 1997); Fitzsimmons v. Barton, 589 F.2d 330, 333 n.2 (7th Cir. 1979); see also 4 Charles Alan Wright, et al., Federal Practice and Procedure § 1068.1 (3d ed. 2002).

2

> minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'"

Id. at 1090-91 (internal citations omitted).

> The specific jurisdiction inquiry has two prongs.
>
> First, [courts] must determine whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there." Within this inquiry [courts] must determine whether the defendant purposefully directed its activities at residents of the forum and whether the plaintiff's claim arises out of or results from "actions by the defendant *himself* that create a substantial connection with the forum state." Second, if the defendant's actions create sufficient minimum contacts, [courts] must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances surrounding the case.

Id. at 1091 (internal citations omitted).

In order to determine whether specific jurisdiction is proper in this case, the Court must first consider whether Defendants purposely availed themselves of the privilege of doing business in Oklahoma. This prong requires that Defendants acted in a manner creating a substantial connection with the state of Oklahoma. Id. at 1092. Jurisdiction is not proper, therefore, if Defendants' activities within Oklahoma arose solely because of the unilateral actions of Plaintiffs or a third-party. Id. Accepting Plaintiffs' allegations as true, as the Court must at this stage of the proceedings, it is clear that Defendants have sufficient minimum contacts with Oklahoma. Plaintiffs allege that Defendants have intentionally copied the design of Plaintiffs' patented storm shelters as a result of their visits to Plaintiffs' website featuring their products. In addition, Plaintiffs allege that Defendants have

3

intentionally copied Plaintiffs' copyrighted marketing materials which are posted on Plaintiffs' website. The website clearly indicates that Plaintiffs' manufacturing operation is located in Oklahoma. The Court finds, therefore, that Defendants have directed their activities at Oklahoma and Plaintiffs' alleged injuries arise out of or relate to these activities. Consequently, Defendants' actions establish minimum contacts with Oklahoma.

Next, the Court must determine whether the exercise of jurisdiction is reasonable and does not offend "traditional notions of fair play and substantial justice." In making this inquiry, courts are instructed to consider:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

OMI Holdings, Inc., 149 F.3d at 1095.

The Court finds that the first factor weighs in favor of this Court's exercise of jurisdiction. Defendants will not be unduly burdened by having to appear in this forum to defend themselves against Plaintiffs' claims. Although Defendants will have to travel a long distance in order to appear before the Court, the majority of the work required in order to mount an effective defense can, with the use of modern technology, be accomplished from Defendants' Tennessee offices. In addition, because Plaintiffs are Oklahoma residents, this state has a strong interest in resolving the dispute between the parties. Consequently, the second factor weighs heavily in favor of this Court's exercise of jurisdiction.

The third factor considers whether Plaintiffs could receive convenient and effective relief in another forum. OMI Holdings, Inc., 149 F.3d at 1097. According to the Tenth Circuit, "[t]his factor may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in [] another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." Id. Neither Plaintiffs nor Defendants have addressed this factor, but the Court sees no reason that Plaintiffs could not effectively pursue their claims in Tennessee. Accordingly, this factor weighs in favor of Defendants.

In analyzing the fourth factor, the Court must determine whether Oklahoma is the most efficient forum in which to litigate the present dispute. Id. "Key to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." Id. (internal citations omitted). In the present case, witnesses are most likely located in both Oklahoma and Tennessee. The actions taken by Defendants occurred in Tennessee, although the injury occurred in Oklahoma. This factor, therefore, appears to be neutral, weighing in favor of neither Plaintiffs nor Defendants.

Consideration of the fifth factor centers on "whether the exercise of personal jurisdiction by [Oklahoma] affects the substantive policy interests of other states or foreign nations." Id. Neither Plaintiffs nor Defendants have addressed this issue, and the Court finds nothing to suggest that exercising jurisdiction over the present suit will in any way affect the substantive policy interests of Tennessee or any other state.

5

A careful examination of the pertinent factors, therefore, indicates that this Court's exercise of personal jurisdiction over Defendants is reasonable and will not offend "traditional notions of fair play and substantial justice." Accordingly, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 12) is DENIED.

IT IS SO ORDERED this 6th day of August, 2010.

ROBIN J. CAUTHRON
United States District Judge